Niel Prosser (TN Bar No. 11647/CO Bar No. 58650)
Kyle Johnson (TN Bar No. 36066/CO Bar No. 58644)
Alex Bunn (TN Bar No. 40490/CO Bar No. 58512)
(*admitted pro hac vice*)
**Prosser & Johnson, PLLC**
5865 Ridgeway Center Parkway, Suite 300
Memphis, TN 38120
Telephone: (901) 820-4433
Facsimile: (901) 767-0704
np@prosserlaw.com
kjohnson@prosserlaw.com
abunn@prosserlaw.com

Alexander P. McLaughlin (ISB No. 7977)
Robert B. White (ISB No. 4438)
**Givens Pursley LLP**
601 W. Bannock St.
Boise, ID 83702
Telephone: (208) 388-1200
Facsimile: (208) 388-1300
alexmclaughlin@givenspursley.com
rbw@givenspursley.com

*Counsel for Plaintiff, First Technology Federal Credit Union*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FIRST TECHNOLOGY FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>LPL FINANCIAL, LLC, OSAIC WEALTH INC., ALFRED "JACK" JACKSON, SAGE KENDALL, KRISTINA HERNANDEZ, FAMILY TREE FINANICAL, LLC, AND JACKSON HOLDINGS LLC,<br><br>Defendants. | CASE NO. 1:25-cv-00582 BLW<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS OSAIC WEALTH, INC. AND FAMILY TREE FINANCIAL LLC'S EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF**<br>**[DKT. 25]** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF**

COMES NOW Plaintiff, First Technology Federal Credit Union ("First Tech" or "Plaintiff"), by and through its undersigned counsel of record, and hereby respectfully files this Response in Opposition to the Emergency Motion for the Extension of Time (Dkt.s 25 & 25-1) (the "Motion") filed by Defendants, Osaic Wealth, Inc. ("Osaic") and Family Tree Financial, LLC ("Family Tree") (collectively the "Osaic Defendants") after business hours yesterday, October 23, 2025.

## I. INTRODUCTION

First Tech opposes Osaic Defendants' request for an extension of time and seeks to correct the record as depicted in the Osaic Defendants' motion. Osaic Defendants have had adequate time to prepare to file an opposition to the pending motions given they have been on notice of this dispute for more than a month and received notice of the Complaint and accompanying motions a full week ago. First Tech seeks to have the extension denied, or, in the alternative, to limit any extension to Monday, October 27th, to mitigate the prejudice to First Tech and allow the Court and First Tech to prepare for oral argument on Thursday, October 30th.

## II. FACTUAL BACKGROUND

Plaintiff relies on the facts and allegations raised in its Complaint (Dkt. 1) and TRO Motion (Dkt. 3), including the following facts:

A. On September 9, 2025, Sage Kendall ("Mr. Kendall") abruptly resigned from First Tech and began working for the Osaic Defendants.

B. Prior to his resignation, Mr. Kendall stole at least three (3) different documents containing non-public information relating to the 250 customers he had been previously

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF - 1**

assigned to service at First Tech.[1]

C. Upon joining the Osaic Defendants, Mr. Kendall admittedly utilized the information in one or more of these stolen documents to solicit hundreds of his former First Tech clients within hours of leaving First Tech.

D. Mr. Kendall initially only acknowledged the taking of one of these lists (the "Stolen List") at the time of his resignation. It was only after Plaintiff hired undersigned counsel that Mr. Kendall acknowledged taking a second list via a USB download (i.e. the "Kendall Spousal List"). As for the third list (the "Kendall Client Holdings List"), Mr. Kendall has yet to admit to its taking, despite repeated demands by Plaintiff that he comes clean and acknowledge the full extent of his thefts. Indeed, this demand has been met with silence by all Defendants.

E. These bad acts were and continue to be done by Mr. Kendall in violation of two different contracts with First Tech (the "FA Agreement" and the "Kendall Agreement," attached to the Complaint as Exhibits 2 and 8 (Dkt.s 1-2 and 1-8, respectively), as well as state and federal trade secret statutes. The Osaic Defendants are directly and/or vicariously liable for the acts of their employee/agent, Mr. Kendall, for his trade secret misappropriations as well as for their own interference with the contracts between Mr. Kendall and First Tech and their interference with First Tech's relationship with its clients. (See Complaint, Dkt. 1 at pp. 40, 46-50.)

---

[1] The Kendall "Stolen List," the "Kendall Spousal List" and the "Kendall Client Holdings List" – as those names are used through First Tech's Complaint and Motion for TRO – are attached under seal as Exhibits B, C and D to the Motion for TRO. (See Dkt.s 3-1.)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF - 2**

F. Worse yet, the bad acts of Mr. Kendall and the Osaic Defendants are ongoing in nature since in the past two weeks, at least seven (7) additional clients have transferred to Mr. Kendall and the Osaic Defendants, representing more than $9 million in assets. This is in addition to the 30+ clients with over $51 million in assets that transferred to these Defendants prior to First Tech filing its complaint.

### III.   LEGAL STANDARD

Courts may extend the time for a party to respond to a filing "for good cause" under Fed. R. Civ. P. 6(b)(1)(A) and Dist. Idaho Loc. Civ. R. 6.1(a). While the 9th Circuit recognizes that extension requests may be granted, this is only the case "in the absence of bad faith on the part of the party seeking relief or **prejudice to the adverse party**." See e.g. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (**bolding** added.)

### IV.   ARGUMENT

As discussed below, the Osaic Defendants have neither shown good cause to grant the requested extension, nor that such an extension will not prejudice First Tech.

**1. THE OSAIC DEFENDANTS HAVE LONG BEEN ON NOTICE OF FIRST TECH'S FILINGS FOR A FULL WEEK.**

The Osaic Defendants attempt to justify their extension request, in part, because Family Tree was only served on Tuesday (October 21, 2025). This fact, however, has little relevance given that the attorney serving as counsel for both Osaic and Family Tree, admittedly received notice of Plaintiff's filing on October 17, 2025 – more than a full week ago.[2] It was on that date that

---

[2] See October 17, 2025 email from K. Johnson attached as hereto as **Exhibit A**. Undersigned Counsel for Plaintiff asked counsel for each respective Defendant to immediately confirm that they were still representing each Defendant, including Mr. Curley for the Osaic Defendants. Plaintiff received no response from the Osaic Defendants (or any other Defendant) until after service had been effectuated as to the Osaic Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF - 3**

Undersigned Counsel for Plaintiff provided a complete set of the current pleadings to Greg Curley ("Mr. Curley"), Senior Litigation Counsel for Osaic, who Defendants acknowledge had been acting "on behalf" of both entities. (See Motion, Dkt. 25-1, at p. 3.) Family Tree thus knew within a day of the filing of the Complaint that it had been sued, and that this suit sought immediate injunctive relief. Such notice was more than sufficient to alert any reasonable defendant of the need to take immediate steps to defend. Indeed, Osaic admits that it procured the services of its lead counsel, Mr. Tadjedin, that very same day – i.e., Friday, October 17, 2025. (See Motion, Dkt. 25-1 at p. 4.) To the extent that Family Tree did nothing to prepare a defense until it was actually served is no one's fault but its own and provides no basis for an extension.[3]

Moreover, the Osaic Defendants have long known of the issues in this case. First Tech, through Undersigned Counsel, sent a cease-and-desist letter to Mr. Curley over a month ago – on September 12, 2025 – laying out both Mr. Kendall's theft of a confidential customer list, the breach of his agreement not to exploit First Tech's confidential information for his own benefit, and the breach of his promise not to solicit the clients that he serviced on its behalf. (See Dkt. 2-17, the September 12, 2025 email from N. Prosser to G. Curley attached to First Tech's Complaint as Exhibit 43.)

The issues now before this Court were thus generally known to the Osaic Defendants for some 40 days – and precisely known for a full 7 days. Given the above, there is no good cause for yet more time, and Plaintiff respectfully asks that the Osaic Defendants' request for an extension be denied.

---

[3] It also strains credulity to think that Mr. Curley retained Mr. Tadjedin to represent one of his joint clients on October 17th, while leaving the other dangling until service was effected.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF - 4**

## 2. THE OSAIC DEFENDANTS HAVE NOT TAKEN THIS CASE SERIOUSLY FROM THE OUTSET.

The Motion states that First Tech and the Osaic Defendants have been "engaged in email discussions" about this matter from "September 12, 2025, through September 29, 2025." (See Motion, Dkt. 25-1 at Page 3.) This, unfortunately, is not the case. Instead, there has been precious little engagement and virtually no effort to meet Plaintiff's legitimate demands for an accounting of the use of its stolen property and an immediate return of the same. The last response that First Tech ever received was on September 25th – almost exactly a month ago – as discussed below.

Within a few days of Mr. Kendall's resignation from First Tech, undersigned Counsel wrote a Cease and Desist Letter to the Osaic Defendants and forwarded a copy directly to Mr. Curley – Senior Litigation Counsel for Osaic. (See Dkt. 2-17, the September 12, 2025 email from N. Prosser to G. Curley attached to First Tech's Complaint as Exhibit 43.) Given the theft and use of First Tech's trade secrets, coupled with the improper solicitation of clients by Mr. Kendall and the Osaic Defendants – First Tech demanded a written response by September 15, 2025. (Id.) The Osaic Defendants, however, ignored this deadline and simply never responded. Having heard nothing by a week later, undersigned Counsel wrote Mr. Curley yet again. (See N. Prosser's September 23, 2025 email and letter to G. Curley attached as hereto as **Exhibit B**.) This follow-up finally resulted in a pair of clipped responses from Mr. Curley over the next two days, i.e. September 23rd and September 25th. (See Mr. Curley's September 23rd and 25th responses attached hereto as **Exhibits C** and **D**.) These two responses by the Osaic Defendants, which totaled all of six complete sentences, ignored nearly every one of First Tech's requests – including a commitment to disclose the full extent of Mr. Kendall's/the Osaic Defendants' theft and use of Plaintiff's customer information. (Id.) Mr. Curley's September 25th email was the last correspondence that First Tech ever received from the Osaic Defendants until the extension request

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF - 5**

from its new Counsel of October 22nd, requesting an extension of both the response date and the hearing itself. Prior to that email earlier this week, there had thus been a *full month of complete silence* from the Osaic Defendants. The Osaic Defendants should thus not be rewarded for their willful ignorance of the position it now finds itself.

While the Osaic Defendants claim that its in-house counsel has been engaged in another matter, it should be recalled that Osaic is a massive concern with thousands of employees, including more than 11,000 financial advisors that manage more than **$700 billion in client assets**. The consequences of its decision to ignore this matter and not properly staff it until the last minute should not be borne by First Tech, and the fact that its personnel has been busy with other matters does not create good cause to grant the extension requested.

### 3. <u>FIRST TECH WILL BE PREJUDICED IF THE EXTENSION IS GRANTED.</u>

Finally, the requested extension will prejudice First Tech, leaving it but one business day to review the Osaic Defendants' filing prior to the TRO hearing – while they had a full week to digest the filing by Plaintiff, plus the entire prior month to formulate their position.

First Tech, therefore, asks that the current deadline be maintained and, alternatively, that any extension terminate no later than Monday, October 27, 2025.

### V. <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion and require the Osaic Defendants to respond in the timeframe currently ordered by the Court, or alternatively by no later than Monday, October 27, 2025.

//
//

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF - 6**

Respectfully submitted this 24th day of October, 2025.

                                        **PROSSER & JOHNSON, PLLC**

                                        */s/ Niel Prosser*
                                        Niel Prosser
                                        Kyle Johnson
                                        Alex Bunn

                                        **GIVENS PURSLEY LLP**

                                        */s/ Robert B. White*
                                        Robert White
                                        Alexander P. McLaughlin

                                        *Attorneys for First Technology Federal Credit Union*

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF - 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2025, I served a copy of the foregoing on CM/ECF Registered Participants via electronic mail as reflected below:

| | |
|---|---|
| Kira Dale<br>Ashton G. Ruff<br>KIRTON MCCONKIE<br>*Attorneys for Osaic Wealth, Inc. & Family Tree Financial LLC* | ☒ ECF Email<br>kdale@kmclaw.com<br>aruff@kmclaw.com |
| Amir Tadjedin<br>Jule Engbloom<br>Vera Warren<br>TADJEDIN THOMAS & ENGBLOOM LAW GROUP<br>*Attorneys for Osaic Wealth, Inc. & Family Tree Financial LLC* | ☒ ECF Email<br>amirt@ttelawgroup.com<br>juliee@ttelawgroup.com<br>veraw@ttelawgroup.com |
| Nicole C. Hancock<br>Bradley R. Prowant<br>STOEL RIVES LLP<br>*Attorneys for LPL Financial, LLC* | ☒ ECF Email<br>nicole.hancock@stoel.com<br>bradley.prowant@stoel.com |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

      /s/ Robert B. White
    Robert B. White

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO EXTEND TIME TO FILE OPPOSITION BRIEF - 8**