UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FIRST TECHNOLOGY FEDERAL CREDIT UNION,<br><br>     Plaintiff,<br><br>     v.<br><br>LPL FINANCIAL, LLC; OSAIC WEALTH, INC.; ALFRED "JACK" JACKSON; SAGE KENDALL; KRISTINA HERNANDEZ; FAMILY TREE FINANCIAL, LLC; and JACKSON HOLDINGS, LLC,<br><br>     Defendants. | Case No. 1:25-cv-00582-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

This case stems from the resignation of several former employees of Plaintiff First Technology Federal Credit Union, and the former employees' alleged misappropriation of trade secrets and breaches of contract. *Compl.* ¶ 15, Dkt. 1 at 5. Before the Court is Defendants Osaic Wealth, Inc. and Family Tree Financial, LLC's Emergency Motion to Extend Time to File Opposition Brief in response to First Technology's Motion for a Temporary Restraining Order. *Ext. Mot.*, Dkt. 25; *see Mot. for TRO*, Dkt. 3. First Technology opposes the extension

motion. *Resp. to Ext. Mot.*, Dkt. 28. For the reasons that follow, the Court grants the extension motion in part, denies it in part, and extends Defendants' deadline to respond to the Motion for a Temporary Restraining Order to October 27, 2025.

## BACKGROUND

On October 16, 2025, First Technology filed a 52-page Complaint against multiple Defendants, including Osaic Wealth and Family Tree. *Compl.*, Dkt. 1. First Technology attached 43 exhibits to the Complaint, which totaled 355 pages. *Compl.*, Dkt. 1; *Supp. to Compl.*, Dkt. 2. In addition, First Technology filed a Motion for a Temporary Restraining Order and a supporting memorandum, along with other motions and supporting documents. *Mot. for TRO*, Dkt. 3; *see also Mot. to File Exhs. Under Seal*, Dkt. 4; *Mot. for Exp. Disc.*, Dkt. 6. In moving for a temporary restraining order, First Technology requested oral argument at the Court's earliest convenience. *Memo. Mot. for TRO*, Dkt. 3-1 at 5.

On October 22, 2025, the Court set Defendants' deadline to respond to First Technology's Motion for a Temporary Restraining Order as October 24, 2025, and set oral argument on that motion for October 30, 2025, at 10 a.m. by Zoom. Dkt. 18. Osaic Wealth and Family Tree now seek to extend Defendants' deadline to respond to the Motion for a Temporary Restraining Order to October 28, 2025. *Emerg. Mot. for Ext.*, Dkt. 25. First Technology opposes the extension motion and

requests that the Court deny the motion, or alternatively, extend Defendants' deadline to October 27, 2025. Dkt. 28.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b), the Court may extend a deadline "for good cause." *See also* Dist. Idaho Loc. Civ. R. 6.1(a). Whether good cause exists depends on four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for delay; and (4) whether the movant acted in good faith." *Schnuerle v. San Joaquin Valley Coll., Inc.,* 2023 WL 1410289, at *1 (D. Idaho Jan. 30, 2023).

## ANALYSIS

Application of the four factors above shows that good cause exists to extend the Defendants' deadline to respond to the Motion for a Temporary Restraining Order, but only to October 27, 2025. As for the first and second factors, the prejudice to First Technology will be minimal because the length of delay is so short. Although extending the deadline to October 27, 2025, will likely reduce the time between Defendants' filing of their response and the oral argument, that period will only be one business day shorter. That is, First Technology will still have approximately two business days between the filing of the response and the oral argument to prepare, as opposed to only one if the response deadline were

extended to October 28, 2025. Further, this schedule, though slightly condensed, allows for the oral argument to proceed as scheduled on an accelerated timeframe, consistent with First Technology's request.

The third factor—the justification for the delay—is reasonable. First Technology's filings are lengthy, as they include a 52-page Complaint, 43 exhibits totaling 355 additional pages, and a memorandum in support of the Motion for a Temporary Restraining Order. These lengthy filings, moreover, were only recently served on Defendants: Osaic was served on October 17, 2025, and Family Tree on October 22, 2025. *See* Dkts. 16, 19. Furthermore, Osaic Wealth and Family Tree assert that Defendants' in-house counsel, who was "involved in pre-suit communications and possesses a crucial knowledge of the facts" at issue, has been unavailable to work on a response due to other work commitments. *Tadjedin Decl.*, ¶¶ 5-7, 10, Dkt. 25-2 at 2-3. Because of these factors, a one-business-day delay is reasonable.

As to the last factor, Osaic Wealth and Family Tree have acted promptly and in good faith. They filed the extension motion before their current October 24, 2025 deadline. They also acted diligently in retaining counsel, including local counsel, within days of being served by First Technology. *Tadjedin Decl.*, ¶¶ 8-9, Dkt. 25-2 at 3.

MEMORANDUM DECISION AND ORDER - 4

In sum, application of the four factors shows that good cause exists to extend the Defendants' deadline to respond to the Motion for a Temporary Restraining Order by one business day. *See Schnuerle,* 2023 WL 1410289, at *1. The Court therefore grants Osaic Wealth and Family Tree's motion to extend Defendants' response deadline but denies their request to extend the deadline to October 28, 2025. Instead, the Court extends Defendants' response deadline to October 27, 2025.

## ORDER

**IT IS ORDERED that:**

Osaic Wealth, Inc. and Family Tree Financial, LLC's Emergency Motion to Extend Time to File Opposition Brief (Dkt. 25) is **GRANTED in part, and DENIED in part**.

DATED: October 24, 2025

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**