UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FIRST TECHNOLOGY FEDERAL CREDIT UNION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LPL FINANCIAL, LLC; OSAIC WEALTH, INC.; ALFRED "JACK" JACKSON; SAGE KENDALL; KRISTINA HERNANDEZ; FAMILY TREE FINANCIAL, LLC; and JACKSON HOLDINGS, LLC,<br><br>　　　　Defendants. | Case No. 1:25-cv-00582-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　This case stems from the resignation of several former employees of Plaintiff First Technology Federal Credit Union, and the former employees' alleged misappropriation of trade secrets and breaches of duty and contract. *Compl.* ¶¶ 15, 59-106, Dkt. 1 at 4, 38-50. First Technology sued the former employees as well as their new employers. *Compl.* ¶¶ 1-8, Dkt. 1 at 1-2. When First Technology filed this lawsuit, it also filed an arbitration action with the Dispute Resolution Section of the Financial Industry Regulatory Authority. *Compl.* ¶ 14, Dkt. 1 at 4. First Technology then filed a motion for a temporary restraining order seeking injunctive relief pending the outcome of the arbitration action. *See Motion for TRO*

at 2, Dkt. 3 at 2. After receiving the parties' positions in writing and holding a hearing on the motion, the Court orally denied it on October 30, 2025. Dkt. 46.

Before the Court now are two unopposed motions to stay proceedings against Defendants Alfred Jackson, Kristina Hernandez, Sage Kendall, and Jackson Holdings, LLC. Dkts. 49, 50; *see* Dkts. 55, 56, 57. These Defendants request that the Court stay the proceedings against them in this Court until completion of the arbitration action before the Financial Industry Regulatory Authority. Dkts. 49, 50. In support of this position, they cite to Section 3 of the Federal Arbitration Act, which is entitled "Stay of proceedings where issue therein referable to arbitration." Dkt. 49 at 2; Dkt. 50 at 2; *see* 9 U.S.C. § 3. The relevant part of that section provides that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. The Defendants who filed the motion to stay proceedings also cite to *Smith v. Spizzirri*, in which the Supreme Court held that "[w]hen § 3 says that a court 'shall . . . stay' the proceeding, the court must do so." 601 U.S. 472, 476 (2024); *see* Dkt. 49 at 2; Dkt. 50 at 2.

The Court agrees with the parties that Section 3 of the Federal Arbitration Act applies and that the Court must therefore stay the proceedings against the

Defendants who have moved for the stay. Dkts. 49, 50; *see* Dkts. 55, 56, 57. The motions to stay proceedings against Defendants Alfred Jackson, Kristina Hernandez, Sage Kendall, and Jackson Holdings, LLC are therefore GRANTED. Dkts. 49, 50. This decision does not affect proceedings against Defendants LPL Financial, LLC; Osaic Wealth, Inc.; or Family Tree Financial, LLC.

## ORDER

**IT IS ORDERED that:**

The Motions to Stay Pending Arbitration filed by Defendants Alfred Jackson, Kristina Hernandez, Sage Kendall, and Jackson Holdings, LLC (Dkts. 49, 50) are GRANTED.

DATED: December 19, 2025

_____
B. Lynn Winmill
U.S. District Court Judge