UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FIRST TECHNOLOGY FEDERAL CREDIT UNION,<br><br>  Plaintiff,<br><br>  v.<br><br>LPL FINANCIAL, LLC; OSAIC WEALTH, INC.; ALFRED "JACK" JACKSON; SAGE KENDALL; KRISTINA HERNANDEZ; FAMILY TREE FINANCIAL, LLC; and JACKSON HOLDINGS, LLC,<br><br>  Defendants. | Case No. 1:25-cv-00582-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This case stems from the resignation of several former employees of

Plaintiff First Technology Federal Credit Union, and the former employees'

alleged misappropriation of trade secrets and breaches of contract. First

Technology sued the Defendants. Three of the Defendants, LPL Financial, LLC;

Osaic Wealth, Inc.; and Family Tree Financial, LLC moved to dismiss.[1] First

---

[1] Osaic and Family Tree filed a combined motion to dismiss while LPL Financial filed its own motion.

Technology opposed these motions, and the three moving Defendants filed reply briefs. Before the Court now is First Technology's Motion for Leave to File Sur-Replies. For the reasons that follow, the Court grants First Technology's motions and permits First Technology five days from the date of this order to file sur-replies.

## LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not expressly allow for the filing of a sur-reply, this Court has acknowledged that one may be justified in certain circumstances. *Gordan Ocampo v. Corizon, LLC*, 2019 WL 1495251, at *3 (D. Idaho April 4, 2019). If a party wants to file a sur-reply, it must file a motion requesting leave to do so, which will only be granted "in the discretion of the court." Dist. Idaho Loc. Civ. R. 7.1(d)(1). The Court will only exercise this discretion where a valid reason exists, such as where a party raises new arguments in its reply brief. *Allen v. Campbell*, 706 F. Supp. 3d 1047, 1056 (D. Idaho 2020).

## BACKGROUND

In their motions to dismiss, the moving Defendants argued, among other things, that First Technology did not have a property interest in the alleged trade secrets. They asserted that these trade secrets were instead possessed by Raymond James Financial Services, Inc., the registered broker-dealer that provided the

MEMORANDUM DECISION AND ORDER - 2

investment services here. These Defendants further argued that the former employees were permitted to take certain customer information with them when they left First Technology for new jobs in accordance with the "Broker Protocol," to which many broker-dealers, including Raymond James, have agreed.

In response, First Technology claimed, among other things, that it had a property interest in the customer information taken by the former employees at issue because Raymond James acted as a vendor for First Technology. First Technology also argued that it was not a member of the Broker Protocol and thus the former employees were not permitted to take client information with them.

In their reply briefs, the moving Defendants asserted that First Technology's claimed vendor relationship with Raymond James was impermissible under certain regulatory pronouncements. LPL Financial also argued that First Technology could not have assented to the Broker Protocol because it was not a broker-dealer.

## ANALYSIS

First Technology now seeks to address the moving Defendants' arguments raised in their replies, asserting that those arguments are new, that they rely on evidence not in the Complaint, and that they improperly contest First Technology's factual assertions. True, the moving Defendants did not previously raise the arguments at issue in their reply briefs, but that is not the end of the inquiry. As

MEMORANDUM DECISION AND ORDER - 3

LPL points out, the moving party is not obligated to anticipate all responses to its motion and preemptively raise counterarguments in order to preserve them for its reply. If there were such an obligation, a reply brief would be largely unnecessary.

That said, new "matters" or "issues" presented in a reply brief that the opposing party does not have the chance to respond to can justify leave to file a sur-reply. *See Beckstrom v. GEICO General Insurance Co.*, 2024 WL 5159369, at *2 n.3 (D. Nev. Dec. 17, 2024); *Mitchell v. LEED HR LLC*, 2014 WL 5341891, at *3 (D. Idaho Oct. 20, 2014). Here, moving Defendants' arguments that First Technology's claimed relationship with Raymond James was impermissible according to regulatory pronouncements at least "arguably" raised a new issue. *See Mitchell*, 2014 WL 5341891, at *3 (noting that where defendant arguably raised new issues in a reply brief, the proper practice was for plaintiff to seek leave to file a sur-reply). And LPL Financial's argument that First Technology could not have agreed to the Broker Protocol is at least arguably a challenge to a factual assertion not appropriate for a motion to dismiss. Moreover, the Court finds that consideration of First Technology's response to moving Defendants' arguments will likely aid the Court in resolving the motions to dismiss. *Beckstrom*, 2024 WL 5159369, at *3 (granting motion to file sur-reply "because it is helpful to the resolution of the pending motions before the court").

**MEMORANDUM DECISION AND ORDER - 4**

For these reasons, the Court exercises its discretion to grant First Technology leave to file a sur-reply to each of the two replies filed in support of the moving Defendants' motions to dismiss. First Technology must file these sur-replies within five days of this order, and each sur-reply should only address the arguments raised in each reply brief.

## ORDER

**IT IS ORDERED:**

First Technology's Motion for Leave to File Sur-Replies (Dkt. 72) is **GRANTED**.

DATED: April 3, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**